JOHN ROLFE AND ISAIAH ROLFE, PARTNERS, TRADING
AS STANDARD NON-SKID GRIP COMPANY, RESPOND-
ENTS, v. EMIL T. FINGERHUT, APPELLANT.

Submitted March 26, 1923—Decided May 4, 1923.

On appeal from the Supreme Court in which the follow-
ing *per curiam* was filed:

"The plaintiffs alleged that they sold to the defendant
a number of chain hoops, to be used on automobiles; that
they were delivered and accepted by the defendant and that
he gave his promissory note to the plaintiffs for the amount
due. The note not being paid plaintiffs brought suit to
recover, and the jury found in their favor, and judgment
was entered thereon from which the defendant appeals.

"It is argued that the court erred in overruling the ques-
tion asked by the defendant of the plaintiff, 'You did state
that you said you would procure the salesmen for Finger-
hut?' The record discloses that the plaintiff has not so
testified; what he did testify to was that he would assist
him in securing salesmen to dispose of the merchandise, and
he had not said he would procure them. The plaintiff was
also asked on cross-examination: '*Q.* Did you know whether
or not any salesmen were procured? *A.* The report was to
me that they were,' and then the defendant asked, 'Did
you say how many?' This was objected to because it re-
quired an answer given when the plaintiff was not present, and
was a conversation between the two brothers, brought out
by the defendant's cross-examination. The courts' ruling
upon these questions was not error.

"It is argued that the court erred in refusing to strike
out the following: '*Q.* What was Mr. Fingerhut's attitude
toward Erlick? *A.* Very definite. He did not seem to
take any interest in what I was doing or trying to do.' We
think the court's action correct. This question related to
an interview between one of the plaintiffs and Erlick, whom

he was trying to induce to act as a salesman for the defendant who was present, and the purpose of the testimony was to show that the defendant took no interest in the effort to secure the salesmen. The argument is that this testimony was that of conclusions of the witness, but manifestly it was not, but offered as proof of the attitude of the defendant.

"The next point is that the court refused to strike out testimony upon the ground that it was hearsay. The defendant had brought out by cross-examination that there was a conversation between the two brothers, the plaintiffs, after they had left the presence of the plaintiff. The defendant then moved to strike out all of that testimony, including matters clearly not hearsay. If the defendant wanted any part of the evidence stricken out upon the ground that it was hearsay, it was his duty to indicate it with particularity.

"The remaining objections are directed to alleged errors in the charge of the court. It must suffice to say that we have examined them all and find them insubstantial.

"The charge covered the entire case, and dealt with specific questions in detail, but not in such a manner as to lead the jury to believe that in any instance the court was seeking to impose any limitation upon the judgment of the jury.

"Upon the whole case, and following the direction of the Practice act we perceive no legal error which injuriously affected the substantial rights of the defendant. *New Practice act L.* 1912, § 27.

"The judgment will be affirmed."

For the appellant, *William S. Angleman.*

For the respondents, *Whittemore & McLean.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.